UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIJAH SAFFOLD,

     Plaintiff,

v.                           Case No.:  8:23-cv-1281-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Elijah Saffold seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Standard of Review, Procedural History, and the ALJ's Decision

### A.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a

scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Social Security Act provides that an individual under the age of 18 will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations, and which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). Child disability claims are assessed under a three-step sequential analysis. 20 C.F.R. § 416.924(a). Under this evaluation process, the ALJ determines: (1) whether the child is engaging in substantial gainful activity; (2) whether the child's physical or mental impairment or combination of impairments are severe; and (3) whether an impairment or impairments meet, medically equal, or functionally equal the listings. *Id.*

A child's limitations meet a listing if the child actually suffers from the limitations in a listing. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004). To medically equal a listing, the child's impairment must be at least of "'equal medical significance to those of a listed impairment.'" *Id.* (citing 20 C.F.R. § 416.926). Even if the ALJ finds a child's impairments are not comparable to a listing, the ALJ may still find that those limitations are "functionally equivalent" to those in a listing. *Id.* To determine whether a limitation is functionally equivalent, an ALJ assesses the degree to which these limitations interfere with a child's normal life activities in these six major domains of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.* (citing 42 U.S.C. § 416.926a(b)(1).

To functionally equal a listing, an impairment must result in "marked" limitations in two of the six domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a), (d). A "marked" limitation is defined as seriously interfering with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). A "marked" limitation also means a limitation that is "'more than moderate'" but "'less than extreme.'" *Id.* An "extreme" limitation means a child's impairment very seriously interferes with his or her ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). "Extreme" limitation also means a limitation that is "'more than marked'" and is given to the worst limitation. *Id.* In making all these determinations, the ALJ must evaluate the "whole child," meaning considering the child's functioning in all settings compared to other children of the same age who do not have impairments. SSR 09-1p, 2009 WL 396031.

When considering a child's limitations, the ALJ must evaluate any limitation in functioning that results from symptoms, including pain. 20 C.F.R. § 416.924(a). So along with considering the objective evidence, the ALJ must also consider a child's subjective complaints and if they can reasonably be accepted as consistent with the objective and other medical evidence. 20 C.F.R. § 416.929(a). Generally, a claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir.

2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are

the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

## B.   Procedural History

Plaintiff applied for supplemental security income benefits on October 20, 2015, alleging disability beginning on January 1, 2011. (Tr. 115, 312-22). The application was denied initially and on reconsideration. (Tr. 115, 127). Plaintiff requested a hearing and on July 3, 2018, a hearing was held before Administrative Law Judge ("ALJ") Glen H. Watkins. (Tr. 65-84). On August 10, 2018, the ALJ entered a decision finding Plaintiff had not been disabled since October 20, 2015, the date the application was filed. (Tr. 132-46). On September 25, 2019, the Appeals Council granted Plaintiff's request for review and remanded the proceeding to the ALJ. (Tr. 156-57).

A second hearing was held on February 3, 2020. (Tr. 50-64). On March 11, 2020, the ALJ entered a decision finding Plaintiff not disabled since October 20, 2015, the date the application was filed. (Tr. 31-42). On May 28, 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 5-9). Plaintiff initiated this action

by Complaint (Doc. 1) on June 7, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

###    C.    Summary of ALJ's Decision

In the decision, the ALJ determined that Plaintiff was born in May 2003, was an adolescent on October 20, 2015, the date the application was filed, and was currently an adolescent on the date of the decision. (Tr. 32). The ALJ also determined that Plaintiff had not engaged in substantial gainful activity since October 20, 2015, the application date. (Tr. 32). The ALJ found Plaintiff had the severe impairments of: "asthma, attention deficit hyperactivity disorder (ADHD), and borderline intellectual functioning." (Tr. 32). He then determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). (Tr. 33).

The ALJ also found that Plaintiff did not have any impairment or combination of impairments that functionally equals the severity of the listings. (Tr. 34). In making this finding and after considering all the relevant evidence of record, the ALJ determined that Plaintiff had less than a marked limitation in: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; the ability to care for himself; and health

and physical well-being. (Tr. 35, 38-40). The ALJ concluded that Plaintiff had not been disabled since October 20, 2015, the date the application was filed. (Tr. 42).

## II.   Analysis

On appeal, Plaintiff raises three issues:

(1)   Whether the ALJ's decision was supported by substantial evidence regarding consideration of Plaintiff's processing speed;

(2)   Whether the Appeals Council's decision was in error in finding that Plaintiff did not have good cause for failing to submit evidence to the ALJ prior to the issuance of the decision; and

(3)   Whether the action should be remanded based on new evidence submitted to this Court.

(Doc. 24, p. 7).

## A.   Processing Speed

Plaintiff argues that even though the ALJ considered Plaintiff's overall full scale IQ score of 71, the ALJ failed to consider Plaintiff's processing speed of 69, which is labeled as extremely low. (Doc. 24, p. 9). For that reason, Plaintiff claims that substantial evidence does not support the ALJ's findings that Plaintiff had less than a marked limitation in the area of acquiring and using information. (Doc. 24, p. 9). As shown below, the ALJ specifically discussed Plaintiff's processing speed throughout the decision and thus this argument is unavailing.

As explained above, to functionally equal a listing, an impairment must result in "marked" limitations in two of the six domains of functioning or an "extreme"

limitation in one domain. 20 C.F.R. § 416.926a(a), (d). A "marked" limitation is defined as seriously interfering with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). In making all these determinations, the ALJ must evaluate the "whole child," meaning considering the child's functioning in all settings compared to other children of the same age who do not have impairments. SSR 09-1p, 2009 WL 396031.

On July 5, 2016, Maria Jimenez, Ph.D. conducted a psychological consultative examination. (Tr. 648-53). She administered the Wechsler Intelligence Scale for Children – Fifth Edition test to Plaintiff who scored a full-scale IQ of 71, which was very low, and a processing speed of 69, which was extremely low. (Tr. 651). Dr. Jimenez explained in the Psychological Evaluation that Plaintiff "displayed difficulties in processing speed as evidenced by an extended amount of time required to complete the tasks presented." (Tr. 649).

In the decision, to determine whether Plaintiff met a listing, the ALJ noted that at the consultative psychological examination, the examiner noted some impairment in recent memory and processing speed. (Tr. 34). In summarizing the consultative psychological examination, the ALJ noted that Plaintiff had "difficulties in processing speed, as shown by the extended time required to complete the presented tasks." (Tr. 37). Later in the summary, the ALJ again noted Plaintiff had a full-scale IQ score of 71, and also was "extremely low in processing

speed." (Tr. 34). Later, the ALJ again noted that Plaintiff had decreased "processing speed." (Tr. 38). In discussing the functional area of attending and completing tasks, the ALJ noted: "[Plaintiff's] consultative exam was notable for decreased attention and concentration with inability to attend to the evaluator's questions without distraction, and difficulties in processing speed, as shown by the extended time required to complete the presented tasks (Exhibit 13F)." (Tr. 39).

In the decision, the ALJ repeated noted and considered both Plaintiff's full-scale IQ score and his extremely low processing speed in determining whether Plaintiff's impairments met a listing or functionally equaled a listing. In essence, Plaintiff is asking the Court to reweigh the evidence, which it cannot do. A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Substantial evidence support the ALJ's consideration of Plaintiff's processing speed in the decision.

## B.    Evidence Submitted to the Appeals Council

Plaintiff argues that the Appeals Council erred in not considering additional evidence submitted to it after the ALJ's decision. (Doc. 24, p. 10). Plaintiff contends

he submitted records from Northside Medical Health Center dated January 29, 2020 to March 12, 2020. (Doc. 24, p. 10). Plaintiff argues that the Appeals Council erred in not considering this evidence when finding no good cause for the failure of Plaintiff to inform or submit this evidence earlier. (Doc. 24, p. 10). Plaintiff also argues that at least the treatment notes from March 12, 2020 were after the decision and should have been considered. (Doc. 24, p. 10).

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). Under new regulations effective in 2017,[1] the Appeals Council will review a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). "Evidence is material if 'there is a reasonable possibility that the new

---

[1] In 2016, 20 C.F.R. § 404.970 was amended, effective January 17, 2017, but with compliance not required until May 1, 2017. *See* 81 Fed. Reg. 90987, 90996 (Dec. 16, 2016).

evidence would change the administrative outcome.'" *Atha*, 616 F. App'x at 936. The new regulation added an additional requirement that the Appeals Council "will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 416.1435…." 20 C.F.R. § 404.970(b); 20 C.F.R. § 416.1470(b).

If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Hargress*, 883 F.3d at 1309 (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)). But the Appeals Council need not give a detailed explanation or further address each piece of new evidence individually. *Id.*

Beginning with the medical records dated before the March 11, 2020 decision, Plaintiff failed to argue and thus has not shown good cause why he did not inform or submit these records prior to the ALJ's decision. Without any explanation as to why they were not submitted earlier, substantial evidence supports the Appeals Council's finding that Plaintiff failed to establish good cause to consider this evidence.

Only two records are dated after the ALJ's decision – one dated March 12, 2020, and one Medication Note dated March 23, 2020. (Tr. 21-22). The March 12, 2020 record is an Outpatient Progress Note from Northside Mental Health Center. (Tr. 21). The examiner found Plaintiff was alert and oriented, his thought process

was goal directed, his thought content was within normal limits, his attention/concentration was guarded, and his affect dysphoric. (Tr. 21). Plaintiff reported he was doing a little better in school but continued to be unmotivated and feeling very sad. (Tr. 21). Given that this record was dated one day after the date of the decision, it arguably appears chronologically relevant. Even so, Plaintiff failed to explain or argue how this medical record is material. In other words, he failed to show that there is a reasonable possibility that this new evidence would change the administrative outcome.[2]

The second document dated March 23, 2020, is a Medication Note, discussing Plaintiff's medications. (Tr. 22). Again, assuming it is chronologically relevant, Plaintiff failed to explain or argue that it is material such that consideration of it has a reasonable probability of changing the administrative outcome. In essence, Plaintiff failed to show that either record contains any material evidence that there is a reasonable possibility that they would change the administrative outcome. Thus, substantial evidence supports the Appeals Council's decision to deny Plaintiff's request for review.

---

[2] Although the Appeals Council denied review based on good cause, the Court is permitted to consider other factors that the Appeals Council did not when refusing to review new evidence. *See Chapman v. Comm'r, Soc. Sec. Admin.*, No. 22-13863, 2023 WL 8441514, at *3, n.1 (11th Cir. Dec. 5, 2023) (citing *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015)).

## C.    Additional Evidence Submitted to the Court

Plaintiff asserts that after appealing the instant decision, he filed a new application for benefits and the administrative law judge issued a fully favorable decision. (Doc. 24, p. 11). Plaintiff acknowledges that this subsequent fully favorable decision is not evidence per se,[3] but argues that some of the evidence submitted in the subsequent application is new and material evidence such that it would have changed the administrative outcome in this case.

New evidence presented to the Court and not to the administrative agency must be considered under a Sentence Six analysis. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Sentence Six remands are "entirely different" from remands to address agency error under Sentence Four. *Id.* at 1267. Sentence Six presents a federal court "with the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing 'that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Id.* (quoting 42 U.S.C. § 405(g)).

---

[3] *See Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("A decision is not evidence any more than evidence is a decision. Holding, as we do, that a later favorable decision is not evidence for § 405(g) purposes is also supported by the limited scope of judicial review of the ALJ's decision.").

So to prevail, a claimant must establish: "'(1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level.'" *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012) (internal quotations omitted) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)); *see also Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (citation omitted) (finding same requirements to warrant a remand under Sentence Six).

Generally, new evidence must also "relate to the period on or before the date of the administrative law judge's ('ALJ') decision. . . . Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefits from a new application, but it is not probative of whether a person is disabled during the specific period under review." *Enix*, 461 F. App'x at 863 (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999).

Plaintiff submitted: (1) a Psychological Evaluation dated October 5, 2021 and an attached Medical Source Statement of Ability To Do Work-Related Activities (Mental) dated October 12, 2021; (2) a Teacher Questionnaire dated May 28, 2021; and (3) the fully favorable decision dated November 1, 2021. (Doc. 24-1, 24-2, 24-3). If the Court assumes that these records are new, noncumulative and there was good cause not to submit them during the administrative period, Plaintiff still must

show that these documents are material, which means Plaintiff must show that they are chronologically relevant and would change the administrative outcome. Plaintiff has failed to meet this burden.

The ALJ entered the decision on March 11, 2020. (Tr. 42). The earliest of these records is a May 28, 2021 Teacher Questionnaire, which is over 14 months after the decision in this case. The remaining records are dated 18 to 19 months after the date of the decision. Plaintiff has not argued let alone shown that these records relate to the period on or before the ALJ's decision. Plaintiff simply posits, "the Administrative Law Judge who heard the case appealed herein probably would have issued a different decision, had he had this new and material evidence, at the time the decision was issued." (Doc. 24, p. 11-12). Without any argument or at a minimum an explanation for why these documents dated well over a year after the ALJ's decision relate back to the relevant time period before the ALJ, Plaintiff failed to meet the burden of showing that this evidence is material, relevant, and probative such that there is a reasonable possibility that this evidence would change the administrative result. Therefore, remand under sentence six is not warranted.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The

Clerk of Court is directed to enter judgment consistent with this opinion, terminate

all deadlines, and close the case.

      **DONE** and **ORDERED** in Fort Myers, Florida on July 12, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties